IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ASHLEI RENEE ROBINSON**,

      **Petitioner,**

v.                                                 Case No.: 1:17-cv-02630

**WARDEN WILSON, FPC ALDERSON,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On May 1, 2017, Ashlei Renee Robinson (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). Pending before the Court are Petitioner's petition, a Response to Show Cause Order seeking dismissal of the petition, (ECF No. 9), and a Motion by Petitioner for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 11). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus, **DENY** Petitioner's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), **GRANT** Respondent's request for dismissal, and **DISMISS** this action, with prejudice, and remove it from the docket of the Court.

1

## I. Introduction

On April 11, 2013, in the United States District Court for the Western District of Virginia, Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute five hundred grams or more of a mixture or substance containing methamphetamine in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *See United States v. Robinson*, Case No. 7:12-cr-00102 (W.D. Va.), ECF No. 68 at 2-3 (hereinafter sometimes referred to as "*U.S. v. Robinson*"). Petitioner was released on conditions pending sentencing, so that she could receive medical care. *Id.* at 3.

On May 21, 2013, Petitioner's probation officer filed a petition asserting that Petitioner had violated bond conditions. *Id.* A hearing on the petition was scheduled on June 4, 2013, and a summons was sent to Petitioner by mail. Petitioner failed to appear at the June 4 hearing; consequently, a warrant for her arrest was issued. *Id.* at 4. Petitioner was arrested on July 2, 2013 and brought before the presiding District Judge. The Court found Petitioner guilty of violating her terms of release and ordered her detained pending sentencing. In view of Petitioner's bond violations, the Probation Office amended the sentencing guideline calculation in the Presentence Investigation Report ("PSR") to remove the acceptance of responsibility deduction and to add two levels for obstruction. *Id.* As a result, Petitioner's sentencing guideline range was increased from 135 to 168 months in prison to 235 to 293 months in prison. *Id.* On October 4, 2013, Petitioner received a below-guideline sentence of 194 months in prison. *Id.* As the District Judge later explained, he departed downward when imposing Petitioner's sentence "to avoid unwarranted sentencing disparities." *U.S. v. Robinson,* ECF No. 77 at 1.

Petitioner did not appeal her conviction or sentence, but on April 9, 2014, she filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. *U.S. v. Robinson,* ECF No. 52.

Petitioner alleged, in relevant part, that she had received ineffective assistance of counsel when her attorney failed to object to the PSR amendments, which effectively increased her sentence range by 100 months. *Id.* at 4.

On March 10, 2015, United States Magistrate Judge Joel C. Hoppe recommended that Petitioner's § 2255 motion be dismissed. *U.S. v. Robinson,* ECF No. 68. With respect to her claim regarding the obstruction enhancement, Judge Hoppe found Petitioner's arguments to be without merit. Specifically, he determined that Petitioner violated multiple bond conditions during her release, absconded from supervision, and was found hiding in a utility closet at the time of her arrest. Given the evidence demonstrating Petitioner's "own very bad behavior," Judge Hoppe concluded that, even assuming Petitioner's attorney was ineffective for not arguing against the amendments, Petitioner could not show prejudice. *Id.* at 10-14. Petitioner did not file objections to Judge Hoppe's recommendation; accordingly on April 6, 2015, the presiding District Judge adopted the report and recommendation and dismissed the § 2255 motion. *U.S. v. Robinson,* ECF No. 72.

During the pendency of Petitioner's § 2255 motion, she also filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Retroactive Effect of Amendment 782. *U.S. v. Robinson,* ECF No. 64. Petitioner argued that changes in the drug quantity tables and chemical quantity tables in the sentencing guidelines qualified her for a sentence reduction. The Government did not object to a reduction, *U.S. v. Robinson,* ECF No. 69; accordingly, on July 17, 2015, the presiding District Judge granted Petitioner's motion and reduced her sentence to 188 months of imprisonment. *U.S. v. Robinson,* ECF No. 78. In an accompanying Memorandum Opinion, the Court explained that it could not decrease Petitioner's sentence to 155 months, as she requested in a

responsive brief, because the Sentencing Commission prohibited courts from reducing a defendant's "term of imprisonment ... to a term that is less than the minimum of the amended guideline range." *U.S. v. Robinson,* ECF No. 77. Because 188 months was the minimum of the guideline range, the Court had reduced the sentence the maximum amount allowable.

Two months after receiving the sentence reduction, on September 21, 2015, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), challenging the dismissal of her § 2255 motion. *U.S. v. Robinson,* ECF No. 79. Notably, Petitioner did not appeal the Court's order declining her request to reduce her sentence to 155 months in prison. The Fourth Circuit subsequently dismissed the appeal as untimely. *U.S. v. Robinson,* ECF Nos. 84, 85.

On May 1, 2017, while incarcerated at the Federal Prison Camp in Alderson, West Virginia, Petitioner filed the instant petition for a writ of habeas corpus. (ECF No. 2). In that document, Petitioner resurrects her contention that she should not have received a two-level enhancement for obstruction of justice. She asks "[t]o have the 2 level adjustment removed and the sentence recalculated, [f]or the obstruction of justice ... [t]o have the two level reduction recalculated for the drugs minus two." (*Id.* at 8). The undersigned issued a Show Cause Order, and Respondent filed a response requesting that the Court dismiss the petition as an improperly filed motion under § 2255. (ECF Nos. 6, 9). The undersigned notified Petitioner of her right to file a brief in opposition to Respondent's request for dismissal. (ECF No. 10). However, in place of an opposition brief, Petitioner filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Retroactive Amendment 782 of the United States Sentencing Guidelines. (ECF No. 11).

4

In the Motion for Modification, Petitioner again asks the Court to reduce her sentence under Amendment 782 to 155 months imprisonment. (*Id.*). She argues that her current sentence of 188 months is "greater than necessary," and she attaches the same brief supporting her position that was filed in the Virginia District Court at the time the motion for a sentence modification was addressed by that court.

## II. Discussion

### A. Petitioner's § 2241 Petition

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing postconviction relief." *Boysaw v. United States,* No. 5:09-cv-01484, 2011 WL 2634882 at *2 (S.D.W. Va. Jul. 5, 2011). Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment or sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). In contrast, § 2241 is used to attack the computation or execution of a sentence. *See United States v. Little,* 392 F.3d 671, 678-79 (4th Cir. 2004). A § 2241 petition typically addresses issues "such as parole matters, computation of [a prisoner's] sentence by prison officials, prison disciplinary actions, and prison transfers"; but does not challenge the validity of the underlying sentence. *Manigault v. Lamanna,* No. 8:06–047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006). As such, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and these devices are not interchangeable. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test

5

the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.).

The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to substitute for a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, n. 5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, the savings clause creates a narrow exception, which allows a § 2255 claim to be brought under § 2241 when the claim contains all three of the following characteristics: (1) at the time of the petitioner's conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which petitioner was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective, and he does so only by satisfying the *Jones* criteria. *See Hood v. United States*, 13 Fed. Appx 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

In the instant action, Petitioner challenges the validity of her federal sentence by asserting that she should not have received a two-level enhancement for obstruction of justice; thus, her claims must be brought pursuant to 28 U.S.C. § 2255, unless she can show under the savings clause that § 2255 is inadequate or ineffective. Petitioner makes no such showing. Indeed, she cites no substantive change in the law rendering non-

6

criminal the conduct for which she was convicted. Furthermore, to date, "Fourth Circuit precedent has … not extended the reach of the savings clause to those petitioners challenging only their sentence."[1] *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333-34); *see also Farrow v. Revell*, 541 Fed. Appx 327, 328 (4th Cir. 2013) (citing *Poole* and holding that challenge to armed career criminal status is not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 Fed. Appx 173, 174 (4th Cir. 2011) (declining to extend savings clause to sentencing challenges); *Hayes*, 2014 WL 670850, at *8 (finding that "sentencing issues cannot be presented in § 2241 petitions"), *aff'd*, 573 Fed. Appx 268 (4th Cir. 2014). Petitioner cannot satisfy the *Jones* criteria; accordingly, her claims are not cognizable under § 2241.

As Petitioner's claims are not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, the Petitioner's claim is at an end in this jurisdiction. If the Court chooses to dismiss Petitioner's action, then she will be required to pursue her claim in the United States District Court for the Western District of Virginia. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see Poole*, 531 F.3d at 264, § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence.

---

[1] In *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015), the petitioner filed a § 2241 petition wherein he sought to set aside a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). The district court found that the petitioner could not obtain relief under § 2241 because he challenged only his sentence, not the conduct underlying his criminal conviction. *Surratt*, 797 F.3d at 246. In affirming the district court's decision, the Fourth Circuit explained that the petitioner was unable to meet the criteria set forth in *Jones* because he was "not innocent of anything," and he admitted to the conduct underlying the offense for which he was convicted. *Id.* at 248. However, the Court left open the possibility that a petitioner may "bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." *Id.* at 269. On December 2, 2015, the Fourth Circuit granted a petition for rehearing en banc in *Surratt*. Thereafter, President Obama commuted Surratt's sentence. As a result, the appeal was dismissed by the Fourth Circuit, as moot, on April 21, 2017. *United States v. Surratt,* 855 F.3d 218 (2017).

7

28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.[2]

Nevertheless, there seems to be no purpose in construing Petitioner's action as a § 2255 motion; particularly, when considering that she already filed a § 2255 motion in the sentencing court asserting the same ground, which was denied on the merits. Moreover, Petitioner's apparent lack of a certificate from the Fourth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), removes any benefit to be gained from a transfer to the sentencing court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W. Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W. Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Finally, as Respondent points out, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed

---

[2] Before recharacterizing a petitioner's § 2241 petition as his or her *first* § 2255 motion, a district court must warn the petitioner about the consequences of the recharacterization and allow the petitioner to either object to the recharacterization or withdraw or amend the petition. *See Camarillo-Chagoya v. Hogsten*, 553 Fed. Appx 341, 342 (4th Cir. 2014) (citing *Castro v. United States*, 540 U.S. 375, 384 (2003)). Because Petitioner has previously filed a § 2255 motion in the sentencing court, that warning procedure is not required in this case. *See Castro*, 540 U.S. at 383.

8

> as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

28 U.S.C. § 1631. The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Thus, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Petitioner has not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Because the petition does not allege a potentially meritorious claim, transfer to the Fourth Circuit is not "in the interest of justice."

Turning to the timeliness of this action, under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3 or 4 of § 2255(f). Petitioner's judgment of conviction in the Virginia District Court became final for the purposes of § 2255(f)(1) on October 18, 2013, when the time for filing an appeal expired. She did not file the instant petition until May 1, 2017. (ECF No. 2). Thus, the petition was clearly filed after expiration of the one-year limitation period. The untimeliness of the petition provides an additional reason as to why transfer to the Fourth Circuit is not "in the interest of justice."

Therefore, for the foregoing reasons, the undersigned **FINDS** that Petitioner's petition for a writ of habeas corpus under § 2241 is properly construed as a motion to vacate sentence under § 2255. This Court lacks jurisdiction to hear Petitioner's § 2255 motion, and transfer of the motion to the sentencing court or to the Fourth Circuit is not in the interests of justice.

### B. Petitioner's Motion for Modification of Sentence

Petitioner has also filed a Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 of the United States Sentencing Guidelines ("USSG"). (ECF No. 11). Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court. *See Wykle v. United States*, No. 1:16-cv-00254-MR, 2016 WL 6909119, at \*1 (W.D.N.C. Nov. 23, 2016); *and Braswell v. Gallegos*, 82 Fed.Appx. 633, 635 & n. 2 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence."). Accordingly, this Court does not have jurisdiction over the motion.

However, the undersigned finds no purpose in construing this motion as a request for reconsideration of the prior sentence reduction under Amendment 782 and transferring it to the Western District of Virginia, because the sentencing court has already given Petitioner the maximum reduction allowable under the USSG. The sentencing court granted Petitioner a downward variance of her original sentence to avoid unwarranted sentencing disparities. Accordingly, when Amendment 782 retroactively reduced the guideline range under which Petitioner was sentenced, she asked the court to grant her a proportional downward variance of her new sentence. However, as the sentencing court explained to Petitioner in 2015, USSG § 1B1.10(b)(2) prohibits the court from reducing the modified sentence below the minimum amended guideline range. *U.S. v. Robinson,* ECF No. 77. USSG § 1B1.10(b)(2) provides that a sentence below the amended minimum guideline range is only permitted when the original sentence received a downward variance for substantial assistance. As substantial assistance was not a factor in Petitioner's original sentence, she was not entitled to a downward variance of her

modified sentence. *See United States v. Muldrow,* 844 F.3d 434, 438 n. 3 (4th Cir 2016) (recognizing that USSG 1B1.10 (b)(2) prohibits a sentence reduction below the minimum guideline range except in cases where the original sentence was reduced for substantial assistance.); *United States v. Dickerson*, No. 17-6119, 2017 WL 2304360, at \*1 (4th Cir. May 26, 2017) (holding that a defendant's sentence can be reduced below the bottom of the amended guideline range "only if the original sentence had been so reduced based on substantial assistance.") (citing USSG § 1B1.10(b)(2)). Thus, there is no merit to her request for an additional sentence reduction under Amendment 782.

Therefore, the undersigned **FINDS** that this Court has no jurisdiction over Petitioner's Motion for a Modification of Sentence Under 18 U.S.C. § 3582(c)(2), and there is no purpose in transferring the motion to the Western District of Virginia.

### III.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DENIED;** Petitioner's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 11) be **DENIED**, Respondent's request for dismissal of the Petition, (ECF No. 9), be **GRANTED**, and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:** September 26, 2017

Cheryl A. Eifert
United States Magistrate Judge